UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR A. LEJI, )
)
      Plaintiff, )
) Civil Action No. 1:18-cv-01877 (UNA)
)
)
U.S. DEPT. OF HOMELAND )
SECURITY, *et al.*, )
)
      Defendants. )

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows for dismissal of a plaintiff's complaint which fails to state a claim upon which relief can be granted or is frivolous or malicious.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, Victor Leji, sues the Department of Homeland Security, the Department of Justice, the D.C. Metro Police Department, and the District of Columbia Government. Compl. at caption. Plaintiff alleges that, for over twenty years, defendants have "falsely accused" him of

1

being "a terrorist," defamed his name, monitored, intimidated, harassed, humiliated, and tracked him ". . . as a criminal[,]" anywhere he goes. *Id.* at 2 ¶¶ 2-6; 3 ¶¶ 1-3. As a result, plaintiff alleges that he has been denied employment, lost real property, accumulated debt that includes $60,000 in child support, and is homeless. *Id.* at 3 ¶ 3. Plaintiff broadly alleges Fourth Amendment violations, obstruction of justice, and invasion of privacy, and seeks monetary damages. *Id.* at 6 ¶¶ 7-9; 7 ¶¶ 2-8; 8 ¶ 1; 18 ¶ 3.

The instant complaint presents many of the same "fanciful allegations" that this Court previously reviewed under § 1915(e) and found to be frivolous. *Leji v. U.S. Dep't of Homeland Sec.*, No. 16-cv-00105 (BAH), 2016 WL 3812924, at *1 (D.D.C. April 28, 2017); *Leji v. Dep't of Homeland Sec.*, No. 15-cv-00387 (UNA), 2015 WL 1299361, at *1 (D.D.C. Mar. 17, 2015).

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Lastly, plaintiff seemingly seeks review of alleged "fraudulent" decisions issued by the U.S. District Court for the Eastern District of Virginia, the U.S. Court of Appeals for the District of Columbia Circuit, and the Superior Court of the District of Columbia. Compl. at 20-21; 27-28; 34-36, 44-45; 49. As a general rule, applicable here, a federal district court lacks jurisdiction to review the decisions of other courts, including higher courts. 28 U.S.C. §§ 1331, 1332 (general

jurisdictional provisions); *See Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Similarly, this Court lacks jurisdiction to review or reverse the decisions of the Superior Court. *See Mooreman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010); *Fleming*, 847 F. Supp. at 172 (D.D.C. 1994).

A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. In addition to failing to state a claim for relief, the instant complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: August 16, 2018

United States District Judge